```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION
```

Cindy Johnson,                  :

      Plaintiff,           :

   v.                           :       Case No. 2:07-cv-0601

The Athens Messenger, et al.,   :       JUDGE SARGUS

      Defendants.          :

## REPORT AND RECOMMENDATION

Plaintiff, Cindy Johnson, a resident of Athens, Ohio, has submitted a complaint and a request for leave to proceed *in forma pauperis*. For the following reasons, it will be recommended that this case be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2).

28 U.S.C. §1915(e)(2) provides that in proceedings *in forma pauperis*, "[t]he court shall dismiss the case if ... (B) the action ... is frivolous or malicious [or] fails to state a claim on which relief can be granted...." The purpose of this section is to prevent suits which are a waste of judicial resources and which a paying litigant would not initiate because of the costs involved. See Neitzke v. Williams, 490 U.S. 319 (1989). A complaint may be dismissed as frivolous only when the plaintiff fails to present a claim with an arguable or rational basis in law or fact. See id. at 325. Claims which lack such a basis include those for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which does not exist, see id. at 327-28, and "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." Id. at 328; see also Denton v. Hernandez, 504 U.S. 25 (1992). A complaint may be

dismissed for failure to state a claim upon which relief can be granted if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957). *Pro se* complaints are to be construed liberally in favor of the *pro se* party. <u>Haines v. Kerner</u>, 404 U.S. 519 (1972). It is with these standards in mind that the plaintiff's complaint and application for leave to proceed *in forma pauperis* will be considered.

Ms. Johnson has named two defendants in the complaint, the *Athens Messenger* and the Brown Publishing Company. She asserts that the *Messenger*, a newspaper in Athens, Ohio, which is owned by Brown Publishing, a company located in Cincinnati, Ohio, falsely reported that she is a convicted felon and that she had entered a felony diversion program. She asserts these statements are false, reckless, and defamatory. She seeks an award of costs and damages.

Federal courts are courts of limited jurisdiction. Under Article III of the United States Constitution and 28 U.S.C. §1332(a), they may hear cases based on state law causes of action such as defamation only if the parties to the case reside in different states. Here, the complaint sets forth Ohio addresses for all three parties. Since all parties reside in the same state, this federal court has no jurisdiction to hear the case. Any allegation of federal court jurisdiction would be frivolous.

It is therefore recommended that the plaintiff's motion for leave to proceed *in forma pauperis* be granted and that this case be dismissed as frivolous and without prejudice based on a lack of jurisdiction. Further, it is recommended that if the case is dismissed, the Clerk be directed to mail a copy of the complaint, the Report and Recommendation, and the order of dismissal to the defendants.

PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. Section 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge